IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EUGENE MOORE,<br><br>    Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS DIRECTOR J. BEARD, et al.,<br><br>    Defendants. | No. C 14-2566 LHK (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.14\Moore566dwla.wpd

(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

In July 2004, plaintiff alleges that defendants[1] allowed drinking water within Monterey County, Salinas, Soledad, and SVSP to become contaminated, toxic, and undrinkable for human consumption. Between July 2004 and August 2004, while plaintiff was confined at SVSP, plaintiff became ill on Facility C. The water became contaminated and warnings were given via flyers and posters that plaintiff should not drink the water at SVSP facilities because of unsafe conditions. But, it was too late because plaintiff had already been ingesting the water. Defendants CDCR Director J. Beard, Warden Lamarque, Governor Brown Jr., and Doe #1 turned off the drinking water from plaintiff's cell, and plaintiff was given bottled water by the cup. Eight years later, on November 8, 2012, plaintiff was diagnosed with prostate cancer, and on October 23, 2013, plaintiff discovered that the nitrate and other hazardous materials that were present in the water in 2004 is one of the chemicals known to cause cancer. Plaintiff claims that defendants exposed plaintiff to these chemicals, which caused plaintiff's cancer.

The complaint has several deficiencies that require an amended complaint to be filed. First, the Eighth Amendment's prohibition of "cruel and unusual punishments" imposes a duty on prison officials to, among other things, "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). A prison official violates the Eighth Amendment only when two

---

[1] Plaintiff names as defendants the California Department of Corrections and Rehabilitations ("CDCR") Director J. Beard; Salinas Valley State Prison Warden Lamarque; Governor J. Brown; the County of Monterey; the City of Soledad; the Monterey County Water Resources Agency; the Monterey Peninsula Water Management District; and Doe Defendants.

requirements are met: (1) the deprivation is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *See Farmer*, 511 U.S. at 834. The test for deliberate indifference is the same as criminal recklessness, i.e., the official must actually know of and disregard an excessive risk to inmate safety. *See id.* at 837. The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Neither negligence nor gross negligence constitutes deliberate indifference. *See id.* at 835-36 & n.4; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Even with liberal construction, the complaint does not state a claim for an Eighth Amendment violation against these defendants. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that a defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Either personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed; liability may not be imposed based solely on an officer's presence during the incident. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009) (holding that although "integral participant" rule may not be limited to officers who provide armed backup, officer who waits in front yard and does not participate in search of residence not an integral participant).

Here, plaintiff does not link each individual defendant to any action or inaction that would demonstrate that defendant is liable for any wrongdoing. Plaintiff's own allegations appear to show that defendants Beard, Lamarque, Brown, and Doe #1 warned inmates about not drinking the water, and then they shut down the drinking water in plaintiff's cell and began issuing bottled water in its stead. Liberally construed, those allegations do not demonstrate that defendants were criminally reckless regarding plaintiff's safety. As stated, at most plaintiff states a claim for negligence or gross negligence, neither of which are cognizable under § 1983. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v.*

1   *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff will be given an opportunity to
2   amend his complaint to allege specifics.
3        Second, to the extent plaintiff is raising a claim of supervisory liability, again, plaintiff
4   has not alleged sufficient facts to support such a claim.  "In a § 1983 . . . action – where masters
5   do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer.
6   Absent vicarious liability, each Government official, his or her title notwithstanding, is only
7   liable for his or her own misconduct.*"* *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  A
8   supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the
9   constitutional deprivation or (2) a sufficient causal connection between the supervisor's
10  wrongful conduct and the constitutional violation.  *Henry A. v. Willden*, 678 F.3d 991, 1003-04
11  (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).  If plaintiff believes
12  he can allege facts sufficient to establish supervisory liability, he may amend his complaint to do
13  so.
14       Third, to raise a claim of municipal liability, a plaintiff must show: (1) that the plaintiff
15  possessed a constitutional right of which he or she was deprived; (2) that the municipality had a
16  policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional
17  rights; and (4) that the policy is the moving force behind the constitutional violation.  *See*
18  *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).  Plaintiff has
19  not alleged any of these elements.  If plaintiff believes he can allege facts sufficient to establish
20  municipal liability, he may amend his complaint to do so.
21       Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will
22  be provided with thirty days in which to amend to correct the deficiencies in his complaint if he
23  can do so in good faith.

## CONCLUSION

25       For the foregoing reasons, the court hereby orders as follows:
26       1.   Plaintiff's complaint is DISMISSED with leave to amend.
27       2.   If plaintiff can cure the pleading deficiencies described above, he shall file an
28  AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended

complaint must include the caption and civil case number used in this order (C 14-2566 LHK (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile and this action will be dismissed.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 32 18 14 236

LUCY H. KOH
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.14\Moore566dwla.wpd          5