**FILED**

JUN 0 2 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EUGENE MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS DIRECTOR J. BEARD, et al.,<br><br>Defendants. | No. C 14-2566 LHK (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses several defendants and orders service upon the remaining defendants.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

In plaintiff's original complaint, he alleged that in July 2004, defendants[1] allowed drinking water within Monterey County, Salinas, Soledad, and Salinas Valley State Prison ("SVSP") to become contaminated, toxic, and undrinkable for human consumption. Between July 2004 and August 2004, while plaintiff was confined at SVSP, plaintiff became ill. Warnings were given about the contaminated water via flyers and posters, and plaintiff and other inmates were instructed that they should not drink the water at SVSP facilities because the water was unsafe. However, the warnings were given too late because plaintiff had already been ingesting the contaminated water. Defendants CDCR Director J. Beard, Warden Lamarque, Governor Brown Jr., and Doe #1 turned off the drinking water from plaintiff's cell, and plaintiff was given bottled water by the cup. Eight years later, on November 8, 2012, plaintiff was diagnosed with prostate cancer, and on October 23, 2013, plaintiff discovered that the nitrate and other hazardous materials that were present in the water in 2004 are some of the chemicals known to cause cancer. Plaintiff claims that defendants exposed plaintiff to these chemicals, which caused plaintiff's cancer.

The court dismissed the complaint with leave to amend. In plaintiff's amended complaint, he names as defendants: CDCR Director J. Beard; SVSP Warden Lamarque; the County of Monterey; the City of Soledad; MCWRA; MPWMD; and Does. Plaintiff pleads the

---

[1] Plaintiff names as defendants the California Department of Corrections and Rehabilitation ("CDCR") Director J. Beard; Salinas Valley State Prison Warden Lamarque; Governor J. Brown; the County of Monterey; the City of Soledad; the Monterey County Water Resources Agency ("MCWRA"); the Monterey Peninsula Water Management District ("MPWMD"); and Doe defendants.
Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.14\Moore566srv.wpd        2

1  same general facts regarding what defendants did and did not do, and adds that defendants Beard
2  and Lamarque knew that the water was unsafe for drinking in 1999 but failed to take any
3  reasonable measures to address it.

4      Liberally construed, plaintiff has stated a cognizable claim for relief against defendants
5  Beard and Lamarque.

6      Plaintiff's allegations against "Doe" defendants are DISMISSED without prejudice.
7  Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see*
8  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), situations may arise where the identity
9  of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances,
10 the plaintiff should be given an opportunity through discovery to identify the unknown
11 defendants, unless it is clear that discovery would not uncover their identities or that the
12 complaint should be dismissed on other grounds. *See id.* Should plaintiff discover the identities
13 of the Doe defendants, he may move to amend his complaint to include them in this action at a
14 later date.

15     Finally, plaintiff's claim against municipal defendants Monterey County, the City of
16 Soledad, MCWRA, and MPWMD are DISMISSED for failure to state a claim. Plaintiff was
17 already warned that to raise a claim of municipal liability, a plaintiff must show: (1) that the
18 plaintiff possessed a constitutional right of which he or she was deprived; (2) that the
19 municipality had a policy; (3) that this policy amounted to deliberate indifference to the
20 plaintiff's constitutional rights; and (4) that the policy was the moving force behind the
21 constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438
22 (9th Cir. 1997). However, a municipality does not cause the alleged violation, and therefore is
23 not liable under Section 1983, if it does not have the power to remedy the alleged violation. *See*
24 *Estate of Brooks v. United States*, 197 F.3d 1245, 1248-49 (9th Cir. 1999).

25     In the amended complaint, plaintiff alleges that the municipal defendants are responsible
26 for providing safe, clean drinking water, and that they did not have a policy providing for
27 medical treatment or medical information to prevent cancer from ingesting unsafe water. The
28 claim against municipal defendants must be dismissed for the following reasons. First, plaintiff

states that the municipal defendants are responsible for providing safe and clean drinking water. However, there is no indication that municipal defendants are also responsible for an SVSP inmate's medical needs or treatment, or that municipal defendants had the power to remedy a violation of a deliberate indifference to an SVSP inmate's health or safety. Second, in order to allege municipal liability under a theory that the municipality had a policy of inaction, a plaintiff must show that, through its omissions, a municipality is "responsible for a constitutional violation committed by one of its employees." *Gibson v. County of Washoe*, 290 F.3d 1175, 1186 (9th Cir. 2002). A plaintiff must also show that the municipality's deliberate indifference led to the omission and the omission caused the employee to commit the constitutional violation. *Id.* Here, plaintiff does not allege that any municipal employee was responsible for violating plaintiff's constitutional rights. Finally, plaintiff has not plausibly suggested that he would have avoided contracting prostate cancer had defendants implemented proper policies. *See Long v. County of Los Angeles*, 442 F.3d 1178, 1190 (9th Cir. 2006) (stating that "[f]or a policy to be the moving force behind the deprivation of a constitutional right, . . . [t]he plaintiff's burden is to establish that the injury would have been avoided had proper policies been implemented.").

Accordingly, defendants Monterey County, the City of Soledad, MCWRA, and MPWMD are DISMISSED with prejudice for failure to state a claim. Plaintiff cannot sustain a claim against Monterey County, the City of Soledad, MCWRA, and MPWMD for failing to have a policy providing for medical treatment or medical information to SVSP inmates after ingesting unsafe water because municipal entities do not operate state prisons. Thus, the municipal defendants did not have the authority to alter any medical policy or treatment affecting inmates at SVSP. *See Estate of Brooks*, 197 F.3d at 1248 (affirming dismissal of *Monell* claim against the county because the county's omission in policy was not the legal cause of plaintiff's injury and had no authority to remedy the alleged violation). Amendment would be futile because "it appears beyond doubt that the plaintiff can prove no set of facts in support of" his claim against Monterey County, the City of Soledad, MCWRA, and MPWMD which would entitle him to relief. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of

the complaint could not be cured by amendment.").

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Defendants Does are DISMISSED without prejudice. Defendants Monterey County, the City of Soledad, MCWRA, and MPWMD are DISMISSED with prejudice for failure to state a claim.

2. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 11), and a copy of this order to **CDCR J. Beard and Warden Lamarque at Salinas Valley State Prison**. The clerk of the court shall also mail a courtesy copy of the amended complaint and a copy of this order to the California Attorney General's Office. Additionally, the clerk shall mail a copy of this order to plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, and defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. No later than **sixty (60) days** from the date the waivers are sent, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

1  Any motion for summary judgment shall be supported by adequate factual documentation
2  and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants**
3  **are advised that summary judgment cannot be granted, nor qualified immunity found, if**
4  **material facts are in dispute. If defendants are of the opinion that this case cannot be**
5  **resolved by summary judgment, they shall so inform the court prior to the date the**
6  **summary judgment motion is due.**

7  5.  Plaintiff's opposition to the dispositive motion shall be filed with the court and
8  served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is
9  filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and
10 *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must
11 come forward with evidence showing triable issues of material fact on every essential element of
12 his claim).

13 6.  Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's
14 opposition is filed.

15 7.  The motion shall be deemed submitted as of the date the reply brief is due. No
16 hearing will be held on the motion unless the court so orders at a later date.

17 8.  All communications by the plaintiff with the court must be served on defendants
18 or defendants' counsel, by mailing a true copy of the document to defendants or defendants'
19 counsel.

20 9.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
21 No further court order is required before the parties may conduct discovery.

22 10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
23 and all parties informed of any change of address and must comply with the court's orders in a
24 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
25 pursuant to Federal Rule of Civil Procedure 41(b).

26 IT IS SO ORDERED.
27 DATED: 6/1/2015

Lucy H. Koh
LUCY H. KOH
United States District Judge